**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

Jerome T. Dunbar,

                    Plaintiff,                                    Civil No. 3:26-cv-01270 (SVN)

v.

Carl D. Chichetti,                                            August 12, 2026

                    Defendant.

**RECOMMENDED RULING ON INITIAL REVIEW OF**
**THE COMPLAINT UNDER 28 U.S.C. § 1915**

This is a lawsuit filed by a *pro se* plaintiff, Jerome T. Dunbar, alleging that an attorney and a court reporter conspired with each other, "culminating in [his] false arrest." (Compl., Doc. No. 1, at 1-2.) The presiding District Judge, the Hon. Sarala V. Nagala, granted Mr. Dunbar's motion for leave to proceed *in forma pauperis.* ((Order, Doc. No. 11.) After doing so, she referred the case to me, Magistrate Judge Thomas O. Farrish, for an "initial review of the complaint[.]" (*Id.*)

I have carefully reviewed Mr. Dunbar's brief complaint. Having done so, I recommend that it be dismissed without prejudice to repleading. As will be explained below, courts apply a liberal standard when reviewing complaints by *pro se* plaintiffs, and they do not hold their complaints to the same standards as formal pleadings drafted by lawyers. But even a *pro se* plaintiff must plead enough facts to add up to a plausible claim. *Reynolds-El v. Strackbein*, No. 3:25-cv-951 (KAD) (TOF), 2025 WL 3470483, at *4 (D. Conn. Dec. 3, 2025), *report and recommendation approved and adopted*, slip op. (D. Conn. Jan. 6, 2026). Mr. Dunbar has not done so, and accordingly his complaint should be dismissed. He should, however, be given an opportunity to provide the missing information in an amended complaint.

1

1.      **Background**

Mr. Dunbar's complaint names two defendants, Carl D. Chichetti and Kristy Porter. (Compl., Doc. No. 1, at 1-2.)  He alleges that "clerks, court reporter, & other state official conspired with each othe[r] participating in an [illegal]  investigation of [his] then legal [use] of CT G.S. Sec. 2-51[1] since 2009 culminating with [his] false arrest." (*Id.* at 2.)  He evidently plans to sue others beyond Mr. Chichetti and Ms. Porter, because he "requests permission [from] the court" to add "names of all of the approx.[imately] 15-20 defendants state officials." (*Id.* at 3.)  But in the meantime he attempts to invoke 42 U.S.C. § 1983 against Mr. Chichetti and Ms. Porter, and he says that he seeks declaratory and injunctive relief.  (*Id.* at 2, 4.)  Aside from this, his complaint contains little else, and it contains no non-conclusory allegations supporting the "conspiracy."

At the same time he filed his complaint, Mr. Dunbar also filed a motion for leave to proceed *in forma pauperis*, or "IFP*."*  (Mot. for Leave to Proceed *In Forma Pauperis*, Doc. No. 2.)  The Clerk of the Court then randomly assigned his case to Judge Nagala.  The judge granted his IFP motion, and then she referred his complaint to me for "initial review . . . pursuant to 28 U.S.C. § 1915." (Order, Doc. No. 11.)

2.      **Review of the Complaint**

   a.      **General principles governing review under 28 U.S.C. § 1915**

"A motion to proceed IFP comes with a consequence." *Ortiz v. Tinnerello*, No. 22-cv-1318 (AWT) (TOF), 2023 WL 11842871, at *1 (D. Conn. Mar. 22, 2023), *report and*

---

[1]      Section 2-51 of the Connecticut General Statutes is entitled "admittance to floor of House and Senate," and it provides that "[n]o persons, except members of the General Assembly, its officers and employees, authorized members of the press and radio, and such other persons as either house of the General Assembly may authorize from time to time, shall be allowed upon the floor of either house of the General Assembly while such house is in session."  I infer that Mr. Dunbar was arrested for attempting to enter a legislative chamber without authorization.

*recommendation accepted*, slip op. (D. Conn. July 26, 2023).  "Because IFP plaintiffs lack 'an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits' . . . [28 U.S.C. § 1915] instructs the Court to review their complaints and dismiss certain types of abusive or facially unmeritorious claims."  *Emiabata v. Bartolomeo*, No. 3:21-cv-776 (OAW) (TOF), 2022 WL 4080348, at *5 (D. Conn. Jan. 3, 2022), *report and recommendation adopted*, slip op. (D. Conn. Jan. 31, 2022) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  The statute identifies three particular types of claims that should be dismissed.  28 U.S.C. § 1915(e)(2).

First, the court must "dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).  A complaint is "frivolous" when it is entirely without a factual or legal basis.  As the Court of Appeals has explained, an "action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.'"  *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (quoting *Neitzke*, 490 U.S. at 325-27).  "Frivolous" complaints include those that are based on "fanciful factual allegation[s]," *Neitzke*, 490 U.S. at 325, as well as those in which a dispositive defense clearly exists "on the face of the complaint."  *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995).

Second, the court must dismiss a complaint that "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint fails to state a claim when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Facial plausibility," in turn, requires the pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  When an IFP complaint lacks this "facial plausibility," it is subject to dismissal.  28 U.S.C. § 1915(e)(2)(B)(ii); *Gordon v. Suffolk Cnty*., 792 F. App'x 128, 129 (2d Cir. 2020) (summary order).  Third and finally, "the court shall dismiss the case" if it finds

that the complaint "seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2)(B)(iii).

These and other pleading rules are applied liberally in favor of *pro se* plaintiffs like Mr. Dunbar.  "Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements," courts must "construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections*, 232 F.3d 135, 139-40 (2d Cir. 2000).  In other words, courts interpret *pro se* complaints "to raise the strongest arguments they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted).  Still, even a *pro se* plaintiff must plead a plausible claim.  *See Vega v. Univ. of Conn. Med. Ctr.*, No. 3:11-cv-1864 (AVC), 2012 WL 1825381, at *1 (D. Conn. May 16, 2012) ("Although courts still have an obligation to liberally construe a *pro se* complaint, the complaint must include sufficient factual allegations to meet the standard of facial plausibility." (internal citation omitted)).

### b.    False arrest

Mr. Dunbar asserts a claim for false arrest under 42 U.S.C. § 1983.  (Compl., Doc. No. 1, at 2.)  "To state a valid claim for false arrest . . . under § 1983, a plaintiff must plead an unreasonable deprivation of liberty in violation of the Fourth Amendment and satisfy the state law elements of the underlying claims." *Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012).  In analyzing § 1983 claims for false arrest, courts "generally [look] to the law of the state in which the arrest occurred." *Chase v. Nodine's Smokehouse, Inc.*, 360 F. Supp. 3d 98, 111 (D. Conn. 2019) (quoting *Dancy v. McGinley*, 843 F.3d 93, 107 (2d Cir. 2016)).

Under Connecticut law, false arrest claims require pleading and proof of four elements. "[F]alse arrest is the unlawful restraint by one person of the physical liberty of another." *Chase*,

4

360 F. Supp. 3d at 112 (internal quotation marks omitted).  "The elements of such a claim under Connecticut law are: (1) the defendant arrested plaintiff or had plaintiff arrested; (2) the plaintiff was aware of the arrest; (3) there was no consent for the arrest; and (4) the arrest was not supported by probable cause."  *Id.*

"A plausible false arrest . . . claim under Connecticut law also requires that the underlying charges for which the plaintiff was arrested . . . terminated in his or her favor."  *Stinson v. St. Vincent's Hosp.*, No. 3:20-cv-00704 (VAB), 2022 WL 2047221, at \*6 (D. Conn. June 6, 2022) (citing *Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (summary order)).  In *Khadafy v. Derby Police Department*, for example, the plaintiff asserted false arrest claims against three officers and a local police department.  No. 3:21-cv-465 (KAD), 2021 WL 1390377, at \*1 (D. Conn. Apr. 13, 2021).  His criminal case had not proceeded past his bond hearing, however, and accordingly he could neither plead nor prove that "the case resulting from his arrest" had "terminated in his favor."  *Id.* at \*3.  Noting that "[o]ne requirement of a false arrest claim is that the underlying criminal case ended favorably for the arrestee," the court dismissed his claim pursuant to 28 U.S.C. § 1915A(b)(1).  *Id.* (citing *Miles*, 445 F. App'x at 383).

### c.  Application

In this case, Mr. Dunbar has not pled enough facts that, if he were to prove them at a later stage of the case, would allow the trier of fact to form a reasonable inference that Mr. Chichetti or Ms. Porter are liable for a false arrest or a conspiracy against his rights.  He does not, for example, plead any facts that would permit the conclusion that the arrest was unsupported by probable cause. (*See* Compl., Doc. No. 1, at 1-5.)  He also does not plead any facts that would permit the conclusion that the charges resolved in his favor.

5

Courts in this district have not hesitated to dismiss false arrest complaints that are as thinly pled as this one.  In *Arpino v. Spera*, for example, Judge Dooley dismissed a Section 1983 claim in which the plaintiff "failed to plead sufficient facts that, if she were to prove them, would amount to false arrest . . . [i]n particular, she has failed to plead that she received a favorable termination of the charges stemming from this incident."  No. 3:22-cv-1114 (KAD) (TOF), 2022 WL 21751856, at *5 (D. Conn. Sept. 22, 2022), *report and recommendation approved and adopted*, slip op. (D. Conn. Nov. 9, 2022).  Similarly, the plaintiff in *Reynolds-El* did not plead "favorable termination," and indeed, "judicially-noticeable public records" showed that he "pled guilty and was correspondingly convicted."  2025 WL 3470483, at *12.  Judge Dooley dismissed his false arrest claim as well.  *See id.* and slip op. (D. Conn. Jan. 6, 2026).

A plaintiff does not need to plead the maximum possible level of detail, just to get his complaint off the ground.  *Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations[.]").  All that is required is "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought[.]"  Fed. R. Civ. P. 8.(a).  And in considering whether a *pro se* plaintiff has met this undemanding standard, courts make allowances for his lack of legal training.  *Lerman*, 232 F.3d at 139-40.  But even a *pro se* plaintiff must plead enough facts to "show[] that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Mr. Dunbar has not done so.

3.    **Conclusion**

Because Mr. Dunbar has not pled enough facts to amount to a plausible claim of false arrest, I recommend that his current complaint be dismissed (a) as not yet having any "arguable basis in . . . fact" and, therefore, as "frivolous" in the contemplation of 28 U.S.C. §

1915(e)(2)(B)(i), *Montero*, 171 F.3d at 759; and (b) for "failure to state a claim" under 28 U.S.C. § 1915(e)(2)(B)(ii).  I further recommend, however, that the dismissal be without prejudice to repleading.  If my recommendation is accepted, this would mean that Mr. Dunbar could file an amended complaint attempting to cure the defects identified in this recommended ruling.  *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  There may be no cure for those defects, but *pro se* plaintiffs are usually given "leave to amend at least once."  *Id.* (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1995).

This is a recommended ruling by a magistrate judge.  Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C).  **If Mr. Dunbar wishes to object to my recommendation, he must file that objection with the Clerk of the Court within nineteen days—that is, by August 31, 2026.**  Fed. R. Civ. P. 72(b)(2) (stating that objections to magistrate judges' recommended dispositions must be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (adding five days for litigants who, like Mr. Dunbar, will receive the recommended ruling from the Clerk of the Court by mail rather than electronically).  If he does not file an objection within nineteen days, he will not be able to assign as error any defect in this recommended ruling.  D. Conn. L. Civ. R. 72.2(a).  Failure to file a timely objection will also prevent him from obtaining appellate review.  See 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *accord Impala v. U.S. Dept. of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge

7